UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSSIE D. FOULKS,

    Defendant.

Case No. 10-cv-40002-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ossie D. Foulks's letter (Doc. 48), which the Court construes as a motion for free copies of his plea agreement, sentencing transcripts and docket sheet. He claims he needs these materials to file a motion under 28 U.S.C. § 2255.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

For transcripts that have not yet been prepared and are not in the court file, a defendant has a right to a free transcript if he can establish (1) that he is indigent and (2) that the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Foulks has not established that he is indigent and unable to pay for the documents he seeks. For the documents existing in the file, he has also not shown that he has exhausted all other means of access to his files such as through his trial counsel. Most importantly, however, Foulks has not shown that he has a pending, non-frivolous action for which the documents are needed. For these reasons, the Court **DENIES** Foulks's motion (Doc. 48) **without prejudice** to another motion that makes the required showing.

**IT IS SO ORDERED.**
**DATED: November 27, 2017**

           s/ J. Phil Gilbert
           **J. PHIL GILBERT**
           **DISTRICT JUDGE**